[No. 26427. Department Two. January 5, 1937.]

CHARLES B. RUFFCORN, *Appellant*, v. THE CITY OF
SEATTLE *et al., Respondents.*[1]

*C. E. H. Maloy,* for appellant.

*A. C. Van Soelen* and *J. Ambler Newton,* for respondents.

MITCHELL, J.—The city of Seattle, through its park board, owns and operates a clubhouse in Jefferson park, in that city, and, in the latter part of 1935 and the early part of 1936, installed a furnace therein for heating the building by the use of fuel oil not produced within the state. The park board purchased and received fuel oil not produced within the state, to be used in heating the clubhouse. Thereupon, Charles B. Ruffcorn instituted this suit, as a taxpayer, against the city and the individual members of the park board, to enjoin them from purchasing, receiving, using or paying for such oil, alleging that the defendants had not

[1]Reported in 63 P. (2d) 503.

complied with chapter 179, Laws of 1933, p. 692 (Rem. Rev. Stat. (Sup.), § 10322-11 [P. C. § 5527-4a] *et seq.*). The defendants appeared, and, upon issues joined, a trial was had that resulted in a judgment dismissing the action. The plaintiff has appealed.

The statute, chapter 179, Laws of 1933, p. 692, the construction of which is involved, reads as follows:

"*Be it Enacted by the Legislature of the State of Washington:*

"Section 1. No fuel shall be purchased for use nor used in any plant, building, institution or establishment of any kind, owned or operated by the State of Washington, or by any county, city, town, school district or other municipal corporation or agency of any kind in the state of Washington unless the same shall have been wholly mined or produced within the state of Washington: . . . *Provided,* That the department of business control shall have and exercise full powers of investigation in cases where the advisability of making changes in equipment is questioned. No building, plant, institution or establishment shall be compelled to comply with the provisions of this act if the department of business control, upon its investigation finds the 'cost' of heating by the using of state fuels is over five per cent (5%) greater than the 'cost' of heating by the use of out of state fuels. The department of business control may extend the allotted time for making such changes if in its opinion this is believed to be necessary.

"Sec. 2. It shall be the duty of all persons directly or indirectly charged with the duty of purchasing fuel for use in any such building, plant, institution or establishment to comply with the provisions of the foregoing section, and any person so violating any of the provisions of this act shall be guilty of a gross misdemeanor and shall be punished by imprisonment in the county jail for not more than two years or a fine of one thousand dollars ($1,000.00), or both. . . ."

The park board wrote to the state department of business control, seeking its assistance under the act

to install the oil burner. The department requested further information; among other things, a showing that the use of coal or other Washington produced fuel would cost more than five per cent in excess of oil. The park board then furnished the department an engineer's report, based upon investigation and the experience of other municipal authorities nearby in the building and operation of heating plants, showing a saving by the use of oil appreciably more than the percentage fixed by the statute. Thereupon, the state department, referring to the matter, including the engineer's report, replied by saying:

"Based upon cost figures presented showing substantial saving to your city by the use of oil burning equipment, I am glad to authorize such installation."

Upon further consideration, the park board, however, concluded that, under the act, *there should be a finding upon investigation* by the department with respect to the difference in cost of the different kinds of fuel, and requested such a finding on the part of the department upon *its* investigation.

This the department declined to do or attempt to do, claiming no appropriation had been made for the expense of such investigation, and that the department's office staff was inadequate to undertake such work in the state.

What could the park board do? It was convinced, upon investigation, that its plan for heating the building, compared with other plans, would result in a saving much in excess of the differential contemplated by the statute. It made a bona fide attempt to comply with the law. It did all that it could in that respect of its own initiative or as suggested by the department. The park board was thereby exempted, in our opinion, from the operation of the statute and had the right to use the heating plant it adopted and constructed.

The validity of this statute has not been raised in this case, nor do we pass upon it. The application and enforcement of the statute, as against the municipal corporation, necessarily depends upon the discharge of certain prescribed duties by way of investigation on the part of the department of business control, and if the state has not provided means for its administration of the law, the other party, the municipal corporation, in the construction and operation of its "building, plant, institution or establishment," is not compelled to comply with the provisions of the act.

Judgment affirmed.

MILLARD, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.